IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01823-BNB,

JASON E. WALKER,

    Plaintiff,

v.

COLORADO BOARD OF PAROLE,
DIRECTOR DAVID L. MICHAUD,
COLORADO SPRINGS PAROLE OFFICE,
C.P.O. SHAWNDEE INGO,
OFFICE OF THE SHERIFF'S DEPARTMENT
SHERIFF TERRY MAKETA,
EL PASO COUNTY CRIMINAL JUSTICE CENTER,
COMMANDER WILLIAM MISTRETTA,
THE COLORADO DEPT. OF CORRECTIONS,
THE CITY OF COLORADO SPRING,
THE COUNTY OF EL PASO, and
THE STATE OF COLORADO, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
COLORADO

SEP 19 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Jason E. Walker was in the custody of the Colorado Department of Corrections (DOC) at the El Paso County Detention Center in Colorado Springs, Colorado, when he initiated this action by filing *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (2006), alleging that his rights under the United States Constitution have been violated. The clerk of the Court will be directed to mail a copy of this order to Mr. Walker at his last known address, i.e., the El Paso County Detention Facility.

Mr. Walker is challenging an allegedly illegal parole hold that his parole officer, Defendant Shawnee Ingo, placed on him after his DOC mandatory discharge date of August 5, 2007. He alleges that he was forced to remain incarcerated until an August 15, 2007, hearing, originally scheduled for August 22, 2007. As relief, he asks for money damages, a written apology, and better communication among the agencies involved. Mr. Walker fails to allege the outcome of the August 15 hearing or his current status.

The Court must construe the complaint liberally because Mr. Walker is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the complaint and the action.

As noted above, Mr. Walker is challenging an allegedly illegal parole hold after his DOC discharge date, in effect delaying the date of his release on parole. Mr. Walker seeks an award of money damages. However, Mr. Walker may not recover damages for the claims he is asserting in this action because those claims challenge the validity of the decision to delay his release on parole. **See Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. **See Heck**, 512 U.S. at 486-87. The rule in

*Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam); *see also Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (applying *Heck* to claim regarding denial of parole).

Mr. Walker does not allege, and nothing in the Court's file indicates, that he has invalidated the decision delaying his release on parole. Therefore, the claims for damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice. It is

FURTHER ORDERED that the clerk of the Court is directed to mail a copy of this order to Mr. Walker at his last known address, i.e., the El Paso County Detention Facility.

DATED at Denver, Colorado, this 18 day of Sept, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-01823-BNB

Jason E. Walker
Prisoner No. A00139694
El Paso County Detention Facility
2739 E. Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed **ORDER AND JUDGMENT** to the above-named individuals on 9-19-07.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk